JACOB H. KLING *vs*. ELLSWORTH D. CHILDS.

May 1, 1883.

**Attachment—Discharge on Motion of a Stranger.**—It is only the defendant whose property has been attached to whom Gen. St. 1878, c. 66, § 157, gives the right to procure a discharge of the attachment upon executing a bond to the plaintiff in the writ. A stranger to the suit, although he has an interest in the attached property, has not this right.

**Same—Effect of Such Order on Attaching Creditor's Right to Redeem from Mortgage Foreclosure.**—But the order discharging the writ of attachment, upon the motion of such stranger, was not *void*, but merely *voidable*, and, until such order was vacated, the lien of the plaintiff in the writ upon the attached premises was discharged; and, at least as against such intermeddler, he was not required, in order to save his rights, to offer or attempt to redeem, within the time fixed by statute, after his attachment was discharged.

**Same—Action by Creditor against Such Stranger—Tender not Necessary.**—In a suit by such attaching creditor against such stranger, by whose unauthorized acts he has been thus deprived of the privilege of redeeming the attached premises within the statutory period, asking to be still allowed to redeem, it is not necessary that the complaint allege a tender, or contain an offer to pay the amount due. If it state facts showing that the plaintiff had a statutory right of redemption, and that he was wrongfully deprived of it by the unlawful acts of defendant, it states a cause of action.

This action was brought in the district court for Polk county. The complaint alleges facts showing that one Goodman and wife, being the owners of certain land in Polk county, mortgaged the same; that subsequently the land was sold under foreclosure of the mortgage by advertisement, and that the year for redemption from the sale expired on February 23, 1882; that defendant was the owner of a judgment against Goodman, and, on February 21, 1882, duly filed notice of his intention to redeem from the sale, and, on February 24, 1882, did duly redeem from such sale; that sometime in 1880, Goodman absconded from the state, and has not since been a resident therein; that on February 23, 1882, plaintiff brought suit by attachment

against Goodman, for a debt past due, the attachment being levied immediately upon the above-mentioned land, and, on the same day, the plaintiff duly filed notice, in proper form, of his intention to redeem from all prior lienholders; that on February 27, 1882, defendant, "for the purpose of defrauding the plaintiff of his right to redeem said land under his attachment lien," appeared before the court commissioner by whom the writ of attachment was allowed, and, "falsely pretending to act by authority of said defendant Goodman," applied for and obtained an order discharging such writ, upon furnishing a recognizance; that Goodman did not at any time "apply in person, nor in any way authorize said E. D. Childs or any other person to make said application, or to execute or furnish any bond or recognizance, and that the same and each of said acts was done by said Childs without the knowledge, consent or request of said Goodman;" that on May 25, 1882, the order of the court commissioner discharging the attachment was vacated by order of the district court. The prayer of the complaint is that plaintiff be allowed to redeem the land, or that defendant be adjudged the trustee of the legal title thereof and required to convey the same to plaintiff, upon payment of the sum necessary to redeem. Defendant appeals from an order overruling a general demurrer to the complaint.

*O'Brien & Wilson,* for appellant.

*Reynolds & Watts,* for respondent.

MITCHELL, J. It is only the defendant whose property has been attached to whom Gen. St. 1878, c. 66, § 157, gives the right to execute a bond in order to procure a discharge of the attachment. A stranger to the suit, even although he has an interest in the attached property, is not given this right. It follows that the defendant, Childs, in assuming to intervene in the suit between Kling and Goodman, and to execute a bond without the knowledge or request of Goodman, was an intermeddler, and his acts wholly unauthorized. It is wholly immaterial that the obligors upon this voluntary undertaking might have been liable to plaintiff, if he had elected to accept it as security for his claim in lieu of his attachment lien. He was not bound to do so, but was entitled to retain his lien unless discharged in the manner provided by statute. His legal rights could

not be thus taken away or' changed, without his consent, by the unauthorized acts of defendant.

The order of the court commissioner discharging the writ of attachment was, however, not *void*, but merely *voidable*, and hence, until that order was vacated, plaintiff had no lien upon the land in question. Consequently he was not required, at least as against defendant, to offer or attempt to redeem within the time fixed by statute. There was, therefore, no necessity to allege in his complaint that he attempted or offered to redeem from defendant after his attachment was dissolved.

It is further contended that the complaint should allege plaintiff's present readiness to redeem, and contain an offer to pay the amount due. Whatever may be the rule of pleading in an ordinary action to redeem, we do not think that these allegations were necessary in the present case. This is an action to restore plaintiff to a right of which he has been unlawfully deprived by the wrongful act of defendant, and the relief sought is that he be placed *in statu quo*. The complaint states facts showing that plaintiff had the right of redemption, and that he was deprived of it by the wrongful act of the defendant. We think this constitutes a cause of action, and shows the party entitled to the relief sought. We are, therefore, of opinion that the demurrer to the complaint was properly overruled.

Order affirmed.